UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SHAH,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF CORCORAN POLICE,<br><br>        Defendant. | Case No. 1:26-cv-02464-JLT-EPG<br><br>SCREENING ORDER FOR PLAINTIFF TO:<br><br>(1)  FILE A FIRST AMENDED COMPLAINT;<br><br>OR<br><br>(2)  NOTIFY THE COURT THAT PLAINTIFF WANTS TO STAND ON THE COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Karen Shah ("Plaintiff") proceeds *pro se* and *in forma pauperis* (IFP) in this civil action. (ECF Nos. 1, 3). In her complaint, Plaintiff alleges Defendant City of Corcoran Police failed in their duty to provide a timely and accurate report of a collision. (ECF No. 1)

Upon review of the complaint, the Court concludes that Plaintiff fails to state any cognizable federal claims.

Plaintiff now has two options on how to proceed: (1) Plaintiff may file an amended complaint, if Plaintiff believes that additional facts would state cognizable claims subject to this Court's jurisdiction, which amended complaint the Court will screen in due course; or (2) Plaintiff may file a notice stating that Plaintiff wants to stand on this complaint and have it reviewed by a District Judge, in which case the Court will issue findings and recommendations to

1

a District Judge consistent with this order.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT[1]

Plaintiff filed the complaint on March 31, 2026. Plaintiff names City of Corcoran Police Department as the sole defendant. (ECF No. 1). Plaintiff states the Court has jurisdiction based on Federal Question. Specifically, Plaintiff claims "Tort, Personal Injury, Police Misconduct Title IV." (ECF No. 1 at 1).

Plaintiff alleges Defendant has demonstrated gross negligence and misconduct by violating a duty to perform legally required actions because an "erroneous document" was certified as accurate. (*Id.* at 2). Defendant refused to remedy the falsified document and breached its duty to protect the public from danger and harm. (*Id.*).

Plaintiff states the basis of her claim stems from a November 7, 2024 collision, in which Defendant failed to fix a grievance, "infringing upon my civil right to due process and factual material information stated in a police report." Plaintiff states Defendant failed to provide a timely factual report. Specifically, Plaintiff claims that—per city of Corcoran guidelines—reports are usually issued within five to seven business days, but Plaintiff's report took two and half months to issue. Plaintiff states she made several attempts to have the "error ridden report" corrected, but none were made.

Plaintiff provides the following timeline for her previous lawsuits against Defendant in other courts:

> I even filed a civil suit#25CLO359, March 12, 2025, in Kings County and traveled to the Court on more than one occasion. The City hired and paid an attorney an estimated $10,000 to provide statute as to why cities are exempt from issuing factual police reports. I dismissed this civil claim under duress. I attempted to file a State Civil Rights Complaint in October. The State scheduled an interview for March 19, 2026, at which time they advised me their department does not handle police misconduct claims.

---

[1] For readability, minor alterations, like changing punctuation and altering capitalization, have been made to some of Plaintiff's quotations without indicating each change.

(*Id.* at 2-3).

Finally, Plaintiff states

The reporting officer violated California Penal Code 118; which defines the crime of perjury, which involves making false statements under oath. It is a felony offense, making deliberate false statements, knowing it was false and that the false statement was material to the matter at hand. He also violated the California Law Enforcement Code of Ethics. As a law enforcement officer, to safeguard property and lives and to respect the constitutional rights of all men to liberty, equality, and justice. He further violated POST, Peace Officer Standard and Training standards. California Government Code 2024 section 815.6. A public entity is under mandatory duty imposed by an enactment designed to protect against the risk of particular injury, the public entity is liable for any injury caused by its failure to do so.

(*Id.* at 3).

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Lack of Short and Plain Statement

Plaintiff's complaint is subject to dismissal because it lacks a short and plain statement of the claim, as required by Rule 8 of the Federal Rules of Civil Procedure.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Additionally, a complaint should not be pled in a "shotgun" manner, which occurs when

3

> a party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.

5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024). There are four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint;
>
> (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and
>
> (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

35A C.J.S. *Fed. Civ. Proc.* § 310 (2025); *see also* 61A Am. Jur. 2d *Pleading* § 159 (2025) (discussing the "four rough types or categories of shotgun pleadings").

The Ninth Circuit has recently explained that "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland* 165 F.4th 1265, 1289 (9th Cir. 2026).

Plaintiff's complaint is a "sho-gun" pleading that does not contain a short and plain statement of Plaintiff's claims, as required by Rule 8. The complaint consists of numerous claims, such as a falsified report, failure to provide a timely report, and failure to correct a report, without explaining which facts support which claims.  Moreover, the allegations and claims are conclusory in nature and fail to explain what claims are asserted based on what facts. Specifically, Plaintiff does not describe the allegedly false statement at issue, why it was false, and whether the officer knew the statement was false.  These allegations do not satisfy Rule 8's requirement of a short and plain statement.

Additionally, Plaintiff appears to assert that an unknown officer committed violations of

her rights, but Plaintiff has not named any officer, or indeed any individual person, as a defendant.

In short, Plaintiff's complaint is subject to dismissal because it fails to comply with Federal Rule of Civil Procedure 8(a).

### B. Lack of Federal Jurisdiction

Plaintiff's complaint is also subject to dismissal because it fails to allege a violation of a federal law, or otherwise establish a basis for federal subject matter jurisdiction.

A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the] case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action."

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). There are two main bases to establish subject-matter jurisdiction in a case. First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to remain or to which she

intends to return." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To determine whether the amount in controversy is met, "[t]he rule…is that… the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)(footnotes omitted). The court looks at the circumstances "at the time the complaint is filed." *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004).

Here, Plaintiff's complaint does to assert a basis for federal court subject-matter jurisdiction over this action. Plaintiff's complaint does not assert any federal claims.  Plaintiff alleges that an unidentified officer violated California Penal Code 118, the California Law Enforcement Code of Ethics, and the Peace Officer Standard and Training standards.  However, these are not federal laws and do not establish a basis for federal jurisdiction.

Additionally, while subject-matter jurisdiction may also be based on complete diversity of the parties and an amount in controversy exceeding $75,000, exclusive of interests and costs, Plaintiff has not shown that such jurisdiction is present here. Both Plaintiff and Defendant are "citizens" of the same state, California. Additionally, Plaintiff states the amount in controversy is estimated to be "$9,000 the actual and associated costs to bring this case to court." (ECF No. 1 at 3).

Accordingly, Plaintiff's complaint does not set forth a basis for federal subject-matter jurisdiction in this case.

**C.  Deliberate Fabrication**

To the extent Plaintiff seeks to assert a 1983 claim based on false statements in the police report, Plaintiff has failed to allege facts establishing such a claim.

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty.  To establish causation, Caldwell must raise a triable issue that the fabricated evidence was the cause in fact and proximate cause of his injury." *Caldwell v. City and County of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018) (internal citations and quotations omitted).  *See also Reno v. Nielson,* 424 F.Supp.3d 1045, 1059 (D. Hawaii 2019)

("The Court notes that the filing of a false police report can provide the basis for a § 1983 action if constitutional harm flows from the filing of a false report, but Plaintiff has not pointed to constitutional harm flowing from the filing of the report."); *McKinley v. U.S,* 2015 WL 4663206, at *11 *., (D. Or., Aug. 5, 2015, No. 3:14-CV-01931-HZ) ("Even assuming that McKinley's allegation that Officer Spinas falsified the police report is true, her claim against Officer Spinas must be dismissed. The mere existence of a false police report does not, by itself, violate any of McKinley's federal rights.. . . Only if the falsified police report was the basis of some future action or was disseminated in some manner would McKinley's rights have been violated.").

Plaintiff's complaint fails to allege facts establishing such a claim. First, as described above, Plaintiff fails to describe the statement she alleges was false, nor why it was false. She also fails to name any officer as a defendant in the case. She also does not allege any facts indicating that the officer deliberately fabricated evidence on the report. Finally, she does not allege any facts showing that she was deprived of her liberty as a result of the false statement. She does not allege she was criminally charged as a result of the report or otherwise suffered any legal consequence due to the allegedly false statement in the report.

## IV.    CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and concludes that Plaintiff's complaint fails to state any cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Thus, the Court will provide Plaintiff with thirty days to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law with the required specificity described above. It should also assert facts that establish that this federal court has jurisdiction over Plaintiff's claims. Plaintiff should note that, although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must

be complete in itself without reference to the prior or superseded pleading, Local Rule 220. The amended complaint should be clearly and boldly titled "First Amended Complaint" and refer to the appropriate case number. Additionally, the amended complaint shall not be more than twenty-five pages long including any attached exhibits.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

For the above reasons, IT IS ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a *pro se* civil complaint form.

2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

   a. File a First Amended Complaint; or

   b. File a notice stating that Plaintiff wants to stand on the complaint.

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:26-cv-02464-JLT-EPG

4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 23, 2026**        /s/ _Erica P. Grosjean_
                                UNITED STATES MAGISTRATE JUDGE

8