UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SHAH,<br>Plaintiff,<br>v.<br>CITY OF CORCORAN, et al,<br>Defendants. | Case No. 1:26-cv-02464-JLT-EPG<br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br>(ECF No. 7)<br>THIRTY (30) DAY DEADLINE |

Plaintiff Karen Shah proceeds *pro se* and *in forma pauperis* (IFP) in this civil action. (ECF Nos. 1, 3). Plaintiff filed the complaint on March 31, 2026, and the Court issued a screening order on April 23, 2026 (ECF No. 4).

Now before the Court for screening is Plaintiff's first amended complaint filed on June 16, 2026. (ECF No. 7). Plaintiff's first amended complaint alleges that Defendants' police report about her auto accident contained factual inaccuracies.

Upon review of the first amended complaint, the Court will recommend Plaintiff's first amended complaint be dismissed without further leave to amend.

\\\

\\\

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. BACKGROUND

### a. Plaintiff's Initial Complaint and Screening Order

On March 31, 2026, Plaintiff filed the complaint commencing this action. (ECF No. 1). Plaintiff alleged that Defendant Corcoran Police Department failed to correct a false police report. Plaintiff named City of Corcoran Police Department as the sole defendant.

On April 23, 2026, the Court screened Plaintiff's complaint and found the complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure and did not establish that the Court had subject matter jurisdiction. (ECF No. 4 at 3-6). The order also explained that "[t]o the extent Plaintiff seeks to assert a 1983 claim based on false statements in the police report, Plaintiff has failed to allege facts establishing such a claim." (ECF No. 4, at p. 6).

The Court provided Plaintiff with options on how to proceed, informing Plaintiff she may file an amended complaint, or may file a notice with the Court that she wishes to stand on the original complaint. (ECF No. 4 at 1).

### b. Plaintiff's First Amended Complaint

Plaintiff filed the first amended complaint on June 16, 2026. (ECF No. 7). In her first amended complaint she names as defendants: City of Corcoran; Corcoran Police Officer Leonardo Villasenor; Chief of Corcoran Police Margarita Ochoa; and Records Division Supervisors from Corcoran City Hall.

Plaintiff alleges the following in her first amended complaint. She was involved in a vehicle collision on or about November 7, 2024, in Corcoran, California. (ECF No. 7 at 11). Following the collision, Corcoran Police Department prepared an official police report that contained multiple "material inaccuracies, false statements, omissions, and factual misrepresentations." (*Id.*). Plaintiff claims these inaccuracies were substantial and were not corrected following repeated efforts by Plaintiff. (*Id.*).

Plaintiff provided an incident report, which indicates the following information from a Corcoran Police Officer, Jocelyn Bonilla:

> On February 8, 2025 at approximately 0810 hours, I was contacted by Karen Shah who advised me that she would shortly be meeting me at the Police Department at 1000 hours. Karen arrived in the lobby and we discussed the corrections that needed to be fixed on the report she received.
>
> Karen stated that both vehicles were towed away by Triple A, and that they were in fact not driven off. Karen said that her address was incorrect and displaying the wrong city and zip code. I advised her that this correction was previously made along with the lighting condition's being corrected from daylight to dark. Karen requested a new copy of the report showing this.
>
> Karen had concerns that the other driver involved did not have insurance and his license number was not displayed on her copy of the report. I advised Karen that the insurance, policy number was provided by D-2 and that was why it was inputted. I also advised Karen that records does not released license numbers on the report.

(*Id.* at 34).

Plaintiff claims she suffered economic damages, emotional distress, litigation costs, administrative burdens, injury to her reputation, and constitutional harms. (ECF No. 7 at 2).

Plaintiff lists five causes of action: violation of Due Process under the Fourteenth Amendment; Municipal Liability; Negligence and Gross-Negligence; Failure to Train/Supervise; and Declaratory and Injunctive relief. (*Id.* at 12-14).

Plaintiff's complaint is sixteen pages long and includes approximately 90 pages of attached exhibits, ranging from police reports and revisions to the reports, correspondence with Corcoran Police Department, and what appears to be records of medical visits and bills, including the claim amount for her total automobile.

## III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### a. Fourteenth Amendment Due Process Claim (First Cause of Action)

Plaintiff's first cause of action asserts a violation of her right to due process under the Fourteenth Amendment. She claims that by creating a police report with inaccuracies, defendants violated her right to "fair governmental process and accurate official documentation." (ECF No. 7 at 12).

However, the mere existence of factual inaccuracies in a government record does not violate a person's constitutional rights. *Arzate v. Los Angles County Sherrif Dept.* 2018 WL

6177218, at *3 (C.D. Cal., Aug. 6, 2018, No. CV1806082DOCJDE) ("inaccurate records compiled or maintained by the government do not, standing alone, state a claim of constitutional injury under the Due Process Clause.") (citing cases); *McKinley v. U.S,* 2015 WL 4663206, at *11 *.,* (D. Or., Aug. 5, 2015, No. 3:14-CV-01931-HZ) ("Even assuming that McKinley's allegation that Officer Spinas falsified the police report is true, her claim against Officer Spinas must be dismissed. The mere existence of a false police report does not, by itself, violate any of McKinley's federal rights. . . . Only if the falsified police report was the basis of some future action or was disseminated in some manner would McKinley's rights have been violated.").

Rather, as the Ninth Circuit has explained, "[t]o prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. To establish causation, Caldwell must raise a triable issue that the fabricated evidence was the cause in fact and proximate cause of his injury." *Caldwell v. City and County of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018) (internal citations and quotations omitted). *See also Gausvik v. Perez,* 345 F.3d 813, 816–817 (9th Cir. 2003) ("To survive summary judgment, Gausvik's alleged facts must show: (1) Perez continued his investigation "despite the fact that [he] knew or should have known that [Gausvik] was innocent; or (2)[Perez] used investigative techniques that were so coercive and abusive that [he] knew or should have known that those techniques would yield false information. . . . While Perez's affidavit may have been careless or inaccurate, it does not satisfy *Devereaux's* stringent test. Perez is thus entitled to summary judgment on this claim."); *Reno v. Nielson,* 424 F.Supp.3d 1045, 1059 (D. Hawaii 2019) ("The Court notes that the filing of a false police report can provide the basis for a § 1983 action if constitutional harm flows from the filing of a false report, but Plaintiff has not pointed to constitutional harm flowing from the filing of the report.").

Plaintiff's first amended complaint fails to allege facts establishing a claim for deliberate fabrication. While Plaintiff alleges that the police report contained factual inaccuracies, she does not allege that any defendant deliberately and intentionally falsified the police report. Indeed, she does not allege any facts regarding the preparation of the report or the reason that it was inaccurate. Moreover, she elsewhere alleges that the report was inaccurate due to negligence and

lack of reasonable care by unknown authors of the report. However, as stated above, the inclusion of inaccurate information in a police report alone is not a violation of the right to due process under the fourteenth amendment.

Nor does Plaintiff allege that she was deprived of her liberty as a result of the false report. She does not allege she was criminally charged as a result of the report or otherwise suffered any legal consequence due to the allegedly false statement in the report. While Plaintiff claims she was found "at fault" or the cause of the accident by her insurance provider, this allegation does not show a proximate cause between the false information and any deprivation of her liberty protected by the due process clause.

In short, Plaintiff has failed to state a constitutional claim based on the inclusion of factual inaccuracies in the police report.

**b. Municipal Liability (Second Cause of Action), Failure to Train/Supervise (Fourth Cause of Action), Declaratory and Injunctive Relief (Fifth Cause of Action)**

For the same reason, Plaintiff has failed to state a claim for "municipal liability—Monell," "failure to train supervised," and "declaratory and injunctive relief." (ECF No. 7 at 12-14). Although Plaintiff names these as separate claims, they all stem from the same underlying constitutional claim regarding the false statements in the police reports. (ECF No. 7, at p. 13) ("Defendant City of Corcoran maintained policies, customs, practices, or failures to train and supervise that were moving forces behind the constitutional violations alleged herein."); (ECF No. 7, at p. 14) ("Such failures created foreseeable constitutional violations."); (ECF No. 7, at p. 15) ("Plaintiff seeks declaratory relief establishing that Defendants' conduct violated federal constitutional protections.").

Because Plaintiff has failed to state a constitutional claim based on the inaccuracies in the police report, she has similarly failed to state a claim for Monell, failure to train, and declaratory relief.

**c. Negligence (third cause of action)**

Plaintiff also brings a negligence claim under California Law against all defendants for not exercising reasonable care in the preparation, maintenance, or correction of government

records. (ECF No. 7 at 14).

However, negligence is a common law claim under California law. *Brown v. Ransweiler* 171 Cal.App.4th 516, 534 (2009) ("The elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Plaintiff's amended complaint states that the basis for federal court jurisdiction is "federal question." (ECF No. 7, at p. 3). 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the '"well-pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Although a federal court may exercise supplemental jurisdiction over state law claims, a court may do so only if the case also includes a federal claim that provides the court with original federal jurisdiction. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (noting that § 1367(a)'s "plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it").

Here, as discussed above, Plaintiff's first amended complaint does not allege a cognizable federal claim; accordingly, the Court lacks original federal jurisdiction. Without original federal jurisdiction, the Court does not have supplemental jurisdiction over Plaintiff's state negligence claim.

Additionally, under the California's Government Claims Act, "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); Cal. Gov't Code § 811.2 (defining "public entity" to include a county or public agency); Cal.

Gov't Code § 954.4 (barring suit against public entity without notice of claim); Cal. Gov't Code § 950.2 (barring claim against public employe if claim would be barred against public entity for failure to comply with claims statute). This requirement applies in federal court. *See Clapp v. City and County of San Francisco*, 846 F. App'x 525, 526 (9th Cir. 2021) (affirming dismissal where plaintiff "failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act" (citation omitted)).

Here, Plaintiff has failed to allege compliance with California's Government Claims Act.

For these reasons, Plaintiff's negligence claim should also be dismissed, without prejudice.

## IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's First Amended Complaint and recommends that the First Amended Complaint be dismissed for failure to state a claim, lack of federal jurisdiction, and failure to comply with the Government Claims Act. Moreover, because the Court previously screened Plaintiff's original complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend properly amend her complaint, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's first, second, fourth, and fifth causes of action in her First Amended Complaint (ECF No. 7) be dismissed with prejudice for failure to state a claim;
2. Plaintiff's third cause of action for negligence in her First Amended Complaint (ECF No. 7) be dismissed without prejudice for lack of federal jurisdiction, and failure to comply with the Government Claims Act, without further leave to amend; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 17, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE